UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| JAMMIE TERRAIL HAIRSTON,<br>    Petitioner,<br><br>v.<br><br>FRANCISCO QUINTANA, *Warden*,<br>    Respondent. | Civil Action No. 14-CV-90-KKC<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Jammie Terrail Hairston is an inmate confined by the Bureau of Prisons ("BOP") in the Federal Medical Center, in Lexington, Kentucky. Proceeding without counsel, Hairston has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R.1], challenging part of the 240-month federal sentence which he is currently serving. Hairston has paid the $5.00 filing fee. [R. 3]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates Hairston's petition under a more lenient standard because he is not represented by an attorney, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003), accepts his factual allegations as true, and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

As explained below, the Court will deny Hairston's habeas petition because the claims which he asserts cannot be pursued under 28 U.S.C. § 2241.

**LITIGATION HISTORY**

On August 23, 2000, a federal grand jury in Indiana returned a two-count indictment against Hairston alleging that he possessed more than fifty (50) grams of cocaine base crack with intent to distribute in violation of 21 U.S.C. § 841 (Count 1) and that he brandished, discharged or used or carried a firearm during and relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 2). *United States v. Hairston*, No. 1:00-CR-42-WCL-RBC-1 (N.D. Ind. 2000)[1] Hairston pleaded not guilty to both counts and proceeded to trial, but the jury convicted him on both counts. Hairston was originally sentenced to 330 months imprisonment which included 210 months on Count 1[2] and a mandatory consecutive 120 months on Count 2. The district court enhanced Hairston's sentence by two points based upon a finding that he obstructed justice by providing false testimony at trial.

On appeal, Hairston raised a single issue: that the evidence at trial did not show that he wanted to distribute crack or that the gun he brandished was used during his drug business. In a two-paragraph unpublished opinion, the Seventh Circuit Court of Appeals affirmed Hairston's conviction. *United States v. Hairston*, No. 01-2386 (7th Cir. Nov. 16, 2001)

In November 2002, Hairston filed a motion to vacate his sentence under 28 U.S.C. § 2255, arguing that the district court erred in enhancing his sentence for obstruction of justice, because the enhancement took his sentence beyond the statutory maximum for the offense in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000). [R. 65, therein] Hairston also alleged ineffective assistance of counsel based upon his counsel's alleged failure to

---

[1] Because Parts of Hairston's criminal proceeding [R. 1-72, therein] predated the PACER electronic data-base system, this Court cannot electronically access the documents filed therein prior to June 3, 2005, but it can electronically access the entire docket sheet of the proceeding.

[2] As discussed *infra*, between April 2009 and December 2011, the district court reduced Hairston's sentence on Count 1 from 210 months to 120 months.

2

advise him properly with respect to whether he should have accepted the government's plea agreement. On February 18, 2003, the district court denied Hairston's § 2255 motion. [R. 72, therein]

Hairston then moved the district court to vacate his sentence under Fed. R. Civ. P. 60(b), arguing that he was entitled to relief from his conviction and sentence pursuant to *United States v. Booker*, 543 U.S. 220 (2005), which extended the rule in *Blakely v. Washington*, 542 U.S. 296 (2004), to strike down the mandatory portion of the United States Sentencing Guideline regime. The district court denied Hairston's Rule 60(b) motion, finding that it was actually a second or successive 2255 motion over which it lacked jurisdiction, because Hairston had not obtained the Seventh Circuit's permission to file a successive § 2255 motion. *United States v. Hairston*, No. 1:00-CR-42, 2006 WL 449206 (N.D. Ind. Feb. 22, 2006). The Court explained that Hairston was not challenging any procedural aspect of the order denying his 2255 motion, but that he was instead repeating the same substantive arguments he had raised in his original § 2255 motion, and asserting new claims for relief under *Booker*. *Hairston*, 2006 WL 449206 at *2. Hairston appealed, but the Seventh Circuit denied him a certificate of appealability. *See* Hairston Criminal Case, 1:00-CR-42 (N. D. Ind.) [R. 94, therein]; *Jammie T Hairston v. United States*, No. 06-1759 (7th Cir. April 25, 2006).

On April 9, 2009, the district court granted Hairston's motion for a sentence reduction pursuant to 18 U.S.C. § 3582, and reduced Hairston's sentence on Count 1 from 210 months to 168 months. [R. 118, therein] On December 19, 2011, the district court again granted Hairston another sentence reduction, and reduced his sentence on Count 1 from 168 months to 120

months. [R. 130, therein] The district court did not reduce the sentence on Count 2 (Hairston's § 924 (c) conviction) on either date.

## CLAIMS ASSERTED IN THE § 2241 PETITION

Hairston alleges that he should have received a 5-year sentence on his § 924(c) conviction for using a firearm during or in relation to a drug transaction, and that the district court improperly sentenced him to a higher 10-year mandatory minimum sentence. Hairston claims that in imposing a higher mandatory minimum sentence, the district court relied on facts not charged in the indictment. Broadly construing Hairston's claim on this issue, he is alleging that the district court violated his right to due process of law guaranteed by the Fifth Amendment of the U.S. Constitution.

Hairston relies on a June 2013 decision of the United States Supreme Court: *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Id*. at 2155. Hairston seeks an order which vacates "the firearm count" of his conviction and re-sentences him on that count to "no more than 5 years imprisonment." [R. 1, p. 8, ¶ 15]

## DISCUSSION

Hairston is not challenging the execution of his sentence, such as the BOP's computation of sentence credits or parole eligibility, issues which fall under the ambit of § 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Instead, Hairston challenges the constitutionality of his reduced 120-month § 924(c) firearm sentence. But § 2241 is not the mechanism for asserting such a challenge: 28 U.S.C. § 2255(a) provides the primary avenue of

4

relief for federal prisoners seeking relief from an unlawful conviction or sentence, *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009), and is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, 4:10-CV-36, 2010 WL 3283018, at *6 (E.D. Tenn. Aug. 17, 2010).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a § 2241 petition, where his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The only circumstance in which a petitioner may use this provision is where, after his conviction has become final, the Supreme Court re-interprets the terms of the statute the petitioner was convicted of violating in such a way that his actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). *See Barnes v. United States*, 102 F. App'x 441, 443 (6th Cir. 2004); *Lott v. Davis*, 105 F. App'x 13, 14-15 (6th Cir. 2004). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a basic defect in his conviction under pre-existing law, or where he did assert his claim in a prior post-conviction motion under § 2255, but was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

In his § 2241 petition, Hairston merely challenges the length of his § 924(c) firearm conviction, claiming that he should have received a 5-year sentence for the offense, instead of a 10-year sentence. Hairston's challenge on this issue is both substantively and procedurally flawed. As to the substance of Hairston's argument, Hairston was convicted of using a firearm which discharged during or in relation to a drug transaction. Because Hairston fired the gun which he used during that drug transaction, he was automatically subjected to a consecutive **10-**

5

**year** mandatory minimum sentence pursuant to 18 U. S.C. § 924(c)(1)(A)(iii) (requiring the imposition of a consecutive mandatory 10-year sentence "**if the firearm is discharged…**") (emphasis added).

On direct appeal of his conviction and sentence, Hairston did not challenge the fact that he had received a consecutive 10-year sentence for his firearm conviction; as previously noted, he argued *only* that the evidence at trial did not show that he wanted to distribute crack or that the gun he brandished was used during his drug business. But even if Hairston had challenged the term of his firearm conviction on direct appeal, he would have likely failed, because in affirming Hairston's conviction, the Seventh Circuit explained that the evidence showed that Hairston fired ("discharged") the gun which he used during or in relation to a drug transaction, and the fact that Hairston claimed to have discharged the gun in self-defense did not relieve him of criminal liability under § 924(c).³ A federal court in a post-conviction proceeding can rely on the factual conclusions made by an appellate court in the same case. *Smith v. Snyder*, 22 F. App'x 552, 553 (6th Cir. 2001); *Myers v. United States*, 198 F.3d 615, 619 (6th Cir. 1999).

---

³ When the district court denied one of Hairston's earlier motions seeking a sentence reduction under 18 U.S.C. § 3582, it summarized as follows the Seventh Circuit's November 16, 2001 opinion affirming Hairston's conviction:

> The substance of that opinion is as follows: **Jammie Hairston, caught red-handed with a distribution quantity of cocaine and a firearm that had recently been discharged, was convicted not only of possessing crack with intent to distribute but also of using a firearm during and in relation to a drug transaction**. Hairston contends that the evidence does not show that he wanted to distribute the drug or that the gun was used during his drug business; it was used, he insists, only for self-defense. The problem with this argument-beyond the great difficulty that anyone faces when trying to upset a jury's resolution of a factual dispute-is that Hairston's own story strongly supports the verdict. He admits that he received a distribution quantity of cocaine from his brother Marcus and set out to make sales. Later, Jammie contends, after having trouble selling the crack, he tried to return it, but Marcus told him to continue trying to sell it. **When an argument ensued about this, plus money owed from earlier sales, Jammie fired his gun. This shows two things: first that Jammie possessed cocaine with intent to distribute, and second that he used the gun during and in relation to a drug transaction. That shot at a drug dealer (Marcus) during an argument about drugs and drug proceeds is no defense; it tends rather to show guilt**. As for intent to distribute: The question is not whether Jammie intended to distribute the drugs at the moment of his arrest (or of the fight with Marcus), but whether Jammie intended to distribute them at any time (within the period of limitations).
>
> *United States v. Hairston*, No. 01-2386 (7th Cir. November 16, 2001) (unpublished).

*United States v. Hairston*, No. 1:00-CR-42, 2005 WL 2007152, at *1, n.2 (N.D. Ind. Aug. 17, 2005) (emphasis added).

Thus, the district court properly sentenced Hairston to a mandatory 10-year (120-month) prison term as to his § 924(c) conviction for using a firearm during and in relation to a drug trafficking crime, and that sentence runs consecutively to Hairston's other 120-month sentence on the crack cocaine drug conviction.

As for the procedural aspect of Hairston's challenge, Hairston cannot use a § 2241 proceeding as a means of challenging the length of his firearm conviction. Hairston did not challenge the term of his § 924(c) conviction either in his § 2255 motion or in any of his subsequent attempts to file successive § 2255 motions in the district court. The remedy under § 2255 is not inadequate where a petitioner either failed to assert a legal argument in a § 2255 motion, or where he asserted a claim but was denied relief on it. *Charles*, 180 F.3d at 756-58; *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002). Section 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Charles*, 180 F.3d at 758. Hairston has therefore not demonstrated that his remedy under § 2255 was inadequate or ineffective to challenge his federal detention on his firearm conviction.

Further, a prisoner proceeding under § 2241 can use the savings clause of § 2255 if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003). An actual innocence claim can arise only where, after the prisoner's conviction became final, the Supreme Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *See Barnes v. United States*, 102 F. App'x 441, 443 (6th Cir. 2004); *Lott v. Davis*, 105 F. App'x 13, 14-15 (6th Cir. 2004). To make this showing, the movant must allege a new rule of law made retroactive by a Supreme Court case,

7

such as the claim raised in *Bailey v. United States*, 516 U.S. 137 (1995). *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d. 458, 461 (6th Cir. 2001).

Hairston contends that *Alleyne* establishes a constitutional right to have all elements used to increase his penalty charged in the indictment and proven beyond a reasonable doubt to the jury; that *Alleyne* is a new rule of law which applies retroactively; and that *Alleyne* affords him relief from his consecutive 10-year firearm sentence. Again, for the reasons set forth above, the district court properly sentenced Hairston to a consecutive 10-year sentence as to his § 924(c) firearm conviction, but even if that sentence had been improperly imposed, the Supreme Court did not indicate in *Alleyne* that its holding applies retroactively to cases on collateral review. While the *Alleyne* rule clearly applies to cases pending on direct appeal at the time it was decided, *United States v. Harakaly*, 734 F.3d 88, 94 n. 4 (1st Cir. 2013), numerous courts have held that *Alleyne* is not retroactively applicable to cases on collateral review. *See Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) (concluding that *Alleyne* establishes a new rule of constitutional rule, but that as an extension of *Apprendi* and *Apprendi*-based rule, *Alleyne* is not retroactively applicable); *United States v. Stewart*, 2013 WL 5397401, *1 N.1 (4th Cir. Sept. 27, 2013) (noting that "*Alleyne* has not been made retroactively applicable to cases on collateral review."); *In re Payne*, 733 F.3d 1027, 2013 WL 5200425 (10th Cir. 2013) (finding *Alleyne* set forth new rule of constitutional law but that the new rule provides no basis to authorize second or successive motion to vacate).[4] Thus, *Alleyne* offers Hairston no retroactive relief under § 2241.

---

[4] See also *United States v. Potter*, No. 7:03-21-DCR, No. 7:13-7290-DCR, 2013 WL 3967960, at *3 (E. D. Ky. July 31, 2013) (concluding that "the rule announced in *Alleyne* does not qualify as a watershed rule of criminal procedure" and noting that "[a] number of other district courts considering the matter have reached a similar conclusion"). This Court has also held that *Alleyne* does not afford retroactive relief to a petitioner seeking relief under § 2241. *See Smith v. Holland*, No. 13-CV-147–KKC, 2013 WL 4735583, at *4 (E. D. Ky. Sept. 3, 2013); *Parks v. Sepanek*, No. 13-CV-109-HRW, 2013 WL 4648551, at *3 (E.D. Ky. Aug. 29, 2013); *Luney v. Quintana*, No. 6:13-CV-3-DCR, 2013 WL 3779172, at *3 (E.D. Ky. July 18, 2013).

Further, Hairston does not allege that he is actually innocent of the underlying firearm offense of which he was convicted. Instead, based on *Alleyne*, Hairston contends only that the district court improperly sentenced him to a 10-year sentence prison term on that count, instead of a 5-year prison term. Again, even assuming that the district court improperly calculated the term of Hairston's § 924(c) firearm sentence, the savings clause may only be applied when the petitioner makes a claim of actual innocence. *Alleyne* is a sentencing-error case, and claims of sentencing error do not qualify as "actual innocence" claims under § 2241. *See Bannerman v. Snyder*, 325 F.3d 722, 724 (2003); *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("Hayes does not assert that he is actually innocent of his federal offenses. Rather, he claims actual innocence of the career offender enhancement. The savings clause of section 2255(e) does not apply to sentencing claims"). Simply put, the savings clause of § 2255 extends only to petitioners asserting actual innocence claims as to their *convictions*, not their sentences. *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012); *Mackey v. Berkebile*, No. 7:12-CV-10-KSF, 2012 WL 4433316 (E.D. Ky. Sept. 25, 2012), *aff'd*, No. 12-6202 (6th Cir. March 15, 2013) (holding that sentencing error claims do not qualify as claims of actual innocence under the savings clause).

In summary, Hairston has not established that his remedy under § 2255 was inadequate or ineffective to challenge his federal detention, nor has he alleged a viable claim of actual innocence which would afford him relief under § 2241. The Court will therefore deny Hairston's § 2241 petition and dismiss this proceeding.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Jammie Terrail Hairston's 28 U.S.C. § 2241 petition for a writ of habeas corpus [R. 1] is **DENIED**;

2. The Court will enter an appropriate judgment; and

3. This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This May 14, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY